1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY DAVID JOHNSON, | Case No.  1:14 -cv-01771-LJO-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING DEFENDANTS' MOTION TO DISMISS |
| v. | |
| M. CATE, et al., | (ECF No. 14, 17, 18) |
| Defendants. | FOURTEEN DAY DEADLINE |

Currently before the Court is Defendants Cate and Hartley's motion to dismiss Plaintiff's complaint for failure to state a claim.

## I.

## PROCEDURAL HISTORY

Plaintiff Gregory David Johnson filed the complaint in this action in the California Superior Court, Sacramento County on July 11, 2014 alleging violations of the Eighth Amendment.  (ECF No. 2)  Defendants removed the action to the Sacramento Division of the Eastern District on October 27, 2014.  (Id.)  On November 12, 2014, the action was transferred to the Fresno Division of the Eastern District.  (ECF No. 6.)

On November 14, 2014, the action was related to Jackson, et al. v. State of California, et al., 1:13-cv-01055-LJO-SAB; and Smith, et al. v. Schwarzeneggar, et al., 1:14-cv-00060-LJO-SAB and reassigned to District Judge Lawrence J. O'Neill and the undersigned.  On January 9,

1

1   2015, Defendants filed a motion to dismiss.  (ECF No. 14.)  Plaintiff filed an opposition on

2   February 11, 2015. (ECF No. 17.)  On February 17, 2015, Defendants filed a reply.  (ECF No.

3   18.)

## II.

## COMPLAINT ALLEGATIONS

6          Plaintiff is in the custody of the California Department of Corrections and Rehabilitation

7   ("CDCR") and is currently incarcerated in the California Institute for Men, Chino, California.

8   (Compl. ¶ 2, attached to Notice of Removal as Exhibit A, ECF No. 2.)  Plaintiff contracted

9   Valley Fever when he was housed at Avenal State Prison ("ASP").  (Id.)

10          Valley Fever is a serious infectious disease which is contracted by inhalation of an

11  airborne fungus which is prevalent in the San Joaquin Valley of California.  (Id. at ¶ 3.)  Valley

12  Fever can be painful and debilitating and studies have established that certain minorities, persons

13  over the age of 55, and immune compromised individuals are at higher risk of developing Valley

14  Fever.  (Id.)

15          In June 1994, the U.S. Center for Disease Control and Prevention ("CDC") published an

16  article reporting on the impact of Valley Fever and that 70 % of the cases in California arose in

17  the San Joaquin Valley.  (Id. ¶ 4)  In September 1995, the CDC issued a memorandum

18  describing the illness, its long term effects, and the increased risk for certain minorities of

19  acquiring Valley Fever.  (Id. at ¶ 5.)  In 1996, two articles were published discussing the Valley

20  Fever Epidemic.  (Id. at ¶ 6.)  The National Foundation for Infectious Diseases held an

21  international conference on Valley Fever and published a series of articles, which included the

22  California Health Services Public Policy Statement which stated that from 1991 to 1993

23  California was spending $60 million in healthcare costs for Valley Fever infections.  (Id.)  The

24  report recognized that certain minorities were at higher risk of developing Valley Fever and

25  identified Pleasant Valley State Prison ("PVSP") and ASP as the most likely place to generate

26  Valley Fever infections.  (Id.)  Preventative measures were recommended, such as using

27  spherulin skin tests to identify individuals not vulnerable to infection, dust control measures,

28  masks and wetting the soil.  (Id.)

1   In 2006, the California State Public Health Department issued a report addressing Valley

2 Fever at PVSP and ASP and made suggestions to reduce the amount of Valley Fever, but the

3 CDCR did not implement the suggestions.  (Id. at ¶ 7.)

4   In 2007, an article was published pointing out that construction on new prisons in the

5 affected areas had led to a marked increase in the number of Valley Fever cases and identifying

6 the infection rates at the facilities.  (Id. at ¶ 8.)  This same year, the Statewide Medical Director

7 for the California Prison Health Care Services submitted a report to the federal receiver that

8 indicated state officials were recommending certain additional measures for immediate

9 implementation, such as environmental mitigation techniques at PVSP and ASP, deferring new

10 construction that would result in additional prisoners being housed in the hyperendemic areas,

11 providing indoor recreation areas for use during high wind events, and continuing to exclude

12 certain inmates from these facilities.  (Id.)

13   On April 29, 2013, the federal receiver issued a policy directing PVSP and ASP to

14 exclude all high risk inmates, inmates over the age of 55, and those who were immune

15 compromised.  (Id. at ¶ 9.)

16   Plaintiff alleges that he was a high risk inmate who was housed at ASP from 1997 to

17 1999 and from 2008 to 2009.  (Id. at ¶ 11.)  In 2009, Plaintiff was diagnosed with Valley Fever.

18 (Id.)  Defendant Cate was the former secretary of the CDCR from 2008 to 2012 and was

19 responsible for the health and welfare of Plaintiff and the prison population as a whole.  (Id. at ¶

20 14.)  Defendant Hartley has at all times been the warden of ASP, responsible for the operation of

21 ASP, the health and welfare of Plaintiff, and the prison population at ASP as a whole.  (Id. at ¶

22 15.)  Defendants Cate and Hartley are not entitled to immunity because they did not make policy,

23 but only ministerial decisions.  (Id. at ¶¶ 14, 15.)

24   Plaintiff brings this action against Defendants Cate and Hartley for deliberate

25 indifference in violation of the Eighth Amendment and negligence under California law seeking

26 monetary damages.  (Id. at pp. 7-10.[1])

27

28 [1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

### III.

### LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted."  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  In assessing the sufficiency of a complaint, all well-pleaded factual allegations must be accepted as true.  Iqbal, 556 U.S. at 678-79.  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. at 678.

In deciding whether a complaint states a claim, the Ninth Circuit has found that two principles apply.  First, to be entitled to the presumption of truth the allegations in the complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).  Second, so that it is not unfair to require the defendant to be subjected to the expenses associated with discovery and continued litigation, the factual allegations of the complaint, which are taken as true, must plausibly suggest an entitlement to relief.  Starr, 652 F.3d at 1216.

### IV.

### DISCUSSION

Defendants move to dismiss this action under Rule 12(b)(6) on the grounds that Plaintiff's complaint 1) fails to state a claim for deliberate indifference or supervisory liability under 42 U.S.C. § 1983; 2) the complaint is barred by the statute of limitations; 3) Plaintiff does not plead compliance with the California Government Claims Act; and 4) Defendants are entitled to qualified immunity.  (Motion to Dismiss Complaint 1-2, ECF No. 14.)

///

4

1      A.      Section 1983

2          Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or

3  other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d

4  1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006);

5  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  To state a claim under section 1983,

6  Plaintiff must demonstrate that each defendant personally participated in the deprivation of his

7  rights.  Iqbal, 556 U.S. at 677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th

8  Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at

9  934.

10          1.      Cruel and Unusual Punishment

11          To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

12  conditions must involve "the wanton and unnecessary infliction of pain."  Rhodes v. Chapman,

13  452 U.S. 337, 347 (1981).  A prisoner's claim does not rise to the level of an Eighth Amendment

14  violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure

15  of life's necessities,' " and (2) "the prison official 'acted with deliberate indifference in doing

16  so.' "  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296

17  F.3d 732, 744 (9th Cir. 2002) (citation omitted)).

18          An Eighth Amendment claim includes "both an objective standard—that the deprivation

19  was serious enough to constitute cruel and unusual punishment—and a subjective standard—

20  deliberate indifference."  Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting

21  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir.2012), overruled in part on other grounds by

22  Peralta v. Dillard, 744 F.3d 1076 (9th Cir.2014) (en banc)).  "To establish a prison official's

23  deliberate indifference, an inmate must show that the official was aware of a risk to the inmate's

24  health or safety and that the official deliberately disregarded the risk."  Foster v. Runnels, 554

25  F.3d 807, 814 (9th Cir. 2009).  "Deliberate indifference is a high legal standard."  Toguchi, 391

26  F.3d at 1060.  "Under this standard, the prison official must not only 'be aware of the facts from

27  which the inference could be drawn that a substantial risk of serious harm exists,' but that person

28  'must also draw the inference.'"  Id. at 1057 (quoting Farmer, 511 U.S. at 837).  "'If a prison

1  official should have been aware of the risk, but was not, then the official has not violated the
2  Eighth Amendment, no matter how severe the risk.'"  Toguchi, 391 F.3d at 1057 (quoting
3  Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

4        Assuming that Plaintiff's allegations would be sufficient to show that he was at a
5  substantial risk of serious harm, Plaintiff has included no allegations from which the Court can
6  infer that Defendants Cate or Hartley were aware that Plaintiff was at a substantial risk of harm
7  and disregarded the risk.  The complaint states that Defendant Cate was the former secretary of
8  the CDCR from 2008 to 2012 and was responsible for the health and welfare of Plaintiff and the
9  prison population as a whole.  (ECF No. 2 at ¶ 14.)  Defendant Hartley has at all times been the
10 warden of ASP, responsible for the operation of ASP, the health and welfare of Plaintiff, and the
11 prison population at ASP as a whole.  (Id. at ¶ 15.)

12       Under section 1983, liability may not be imposed on supervisory personnel for the
13 actions or omissions of their subordinates under the theory of respondeat superior.  Iqbal, 556
14 U.S. at 677; Simmons, 609 F.3d at 1020-21; Ewing, 588 F.3d at 1235; Jones, 297 F.3d at 934.
15 "A supervisor may be liable only if (1) he or she is personally involved in the constitutional
16 deprivation, or (2) there is 'a sufficient causal connection between the supervisor's wrongful
17 conduct and the constitutional violation."[2]  Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir.
18 2013) (citations omitted); Lemire v. California Dep't of Corrections and Rehabilitation, 726 F.3d
19 1062, 1074-75 (9th Cir. 2013).  "This causal connection can include: '1) [the supervisors'] own
20 culpable action or inaction in the training, supervision, or control of subordinates; 2) their
21 acquiescence in the constitutional deprivation of which a complaint is made; or 3) [their] conduct
22 that showed a reckless or callous indifference to the rights of others.' "  Lemire, 726 F.3d at 1075
23 (quoting Cunningham v. Gates, 229 F.3d 1271, 1292 (9th Cir.2000)).

24       The complaint merely states the positions held and responsibilities of Defendants Cate

25

---

26  [2] Defendants set forth the legal standards for a claim that there was a policy or procedure that violated a plaintiff's
    constitutional rights, however Plaintiff is not bringing a claim against Defendants Cate and Hartley based on the
27  policy of housing inmates in the San Joaquin Valley.  Plaintiff states that Defendants Cate and Hartley made only
    ministerial decisions and no policy.  (ECF No. 2 at ¶¶ 14, 15.)  Plaintiff also contends that Defendants decision to
28  house Plaintiff at ASP does not rise to the level of a policy making decision.  (Id. at ¶ 12.)  Plaintiff, as the master of
    his complaint, has not brought a claim based upon the policy of housing inmates at ASP.

1   and Hartley which is insufficient to show that Defendants Cate and Hartley personally

2   participated in the alleged violation of Plaintiff's constitutional rights.  Plaintiff has not alleged

3   facts to link Defendants Cate and Hartley to any act or failure to act that violated Plaintiff's

4   federal rights.  Plaintiff has failed to allege any facts to state a plausible claim against Defendants

5   Cate or Hartley.   The Court recommends that Defendants' motion to dismiss the Eighth

6   Amendment claim be granted.

7          **B.      State Law Claims**

8          Defendants contend that Plaintiff's complaint does not adequately plead compliance with

9   the Government Claims Act because he fails to show that he timely and properly complied with

10  the requirements of the Act.  (ECF No. 14-1 at 9-10.)  Plaintiff contends that his claim form was

11  timely filed and that the State waived the defense that the form was untimely filed.  (Opposition

12  to Defendants' Motion to Dismiss 8-10, ECF No. 17.)

13         The California Tort Claims Act requires that a tort claim against a public entity or its

14  employees be presented to the California Victim Compensation and Government Claims Board,

15  formerly known as the State Board of Control, no more than six months after the cause of action

16  accrues.  Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West).  A plaintiff is barred

17  from filing a lawsuit against a public entity if he fails to timely present a claim for money or

18  damages to that entity.  State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1239 (2004).

19  Presentation of a written claim, and action on or rejection of the claim are conditions precedent

20  to suit, and an element of the cause of action.  Bodde, 32 Cal.4th at 1239; Shirk v. Vista Unified

21  School District, 42 Cal.4th 201, 209 (2007).  To state a tort claim against a public employee, a

22  plaintiff must allege compliance with the California Tort Claims Act.  Cal. Gov't Code § 950.6;

23  Bodde, 32 Cal. 4th at 1243.  The failure to allege facts demonstrating or excusing compliance

24  with the claim presentation requirement subjects a compliant to general demurrer for failure to

25  state a cause of action.  Bodde, 32 Cal. 4th at 1243.

26         In this instance, Plaintiff alleges that he presented his claim to the Board on or about

27  November 2013 and it was rejected as untimely on January 16, 2014.  (ECF No. 2 at ¶ 31.)

28  Plaintiff contracted Valley Fever sometime in 2009, (id. at ¶ 11), and did not file his claim form

1   until approximately four years later.  Plaintiff argues that his claim did not accrue when he was

2   informed that he contracted Valley Fever because prison officials did not provide him with

3   information that his illness was caused due to being housed at ASP and that the Defendants set

4   policy that resulted in his exposure to the disease.[3]  (ECF No. 17 at 9-10.)

5         For the purposes of the California government claims statute, the date of accrual of the

6   cause of action is the date that would pertain under the statute of limitations applicable to a

7   dispute between private litigants.  Shirk, 42 Cal.4th at 208-209.  In California the statute of

8   limitations begins on the date the injury accrued.  Generally, the action accrues when the

9   wrongful act or omission occurs and the party has sustained damages, even when the full extent

10  of his injury is unknown.  Wallace v. Kato, 549 U.S. 384, 391 (2007).

11        The California Supreme Court has held that the date of accrual of a cause of action is the

12  time when the cause of action is complete with all of its elements.  Norgart v. Upjohn Co., 21

13  Cal.4th 383, 389 (1999).  An exception exists which delays the accrual of the cause of action

14  until the plaintiff discovers or has reason to discover the cause of action.  Id.  Nogart explained

15  that in terms of the discovery rule, a plaintiff's suspicion of the elements refers to the generic

16  elements of wrongdoing, causation and harm.  Fox v. Ethicon Endo-Surgery, Inc. 35 Cal.4th 797,

17  807 (2005).  A plaintiff discovers the factual basis for his claim when he at least has reason to

18  suspect that someone has done something wrong to him.  Norgart, 21 Cal.4th at 397.  "He has

19  reason to suspect when he has notice or information of circumstances to put a reasonable person

20  on inquiry; he need not know the specific facts necessary to establish the cause of action; rather,

21  he may seek to learn such facts through the process contemplated by pretrial discovery; but,

22  within the applicable limitations period, he must indeed seek to learn the facts necessary to bring

23  the cause of action in the first place — he cannot wait for them to find him and sit on his rights;

24  he must go find them himself if he can and file suit if he does."  Id. at 398 (internal punctuation

25  and citations omitted).

26        Plaintiff argues that he was not aware of his cause of action until June 2013 when the

27  _____

28  [3] The Court notes the conflict that Plaintiff alleges he is not bringing claims based on the policy, but argues that it was the policy that caused him to be subjected to a substantial risk of harm.

1   Plata court required CDCR to implement the exclusion policy and other safeguards for Valley

2   Fever.  Under California law, "[t]he elements of a negligence cause of action are the existence of

3   a legal duty of care, breach of that duty, and proximate cause resulting in injury."  McIntyre v.

4   Colonies-Pac., LLC, 228 Cal. App. 4th 664, 671 (2014), review denied (Nov. 12, 2014).

5        The Court is well aware of the number of cases filed by prisoner's at ASP and throughout

6   the State alleging violations of the Eighth Amendment due to expose to Valley Fever while

7   housed in the San Joaquin Valley.  The Court finds that a reasonable prisoner in Plaintiff's

8   position would have been on notice of the elements of his cause of action at the time he was

9   diagnosed with Valley Fever in 2009.  When Plaintiff was diagnosed with Valley Fever in 2009,

10  Defendants duty of care to prisoners was well established.  The alleged breach of that duty

11  occurred at the time of Plaintiff's exposure and contraction of the disease, and the cause of

12  Valley Fever was well-known as demonstrated by the allegations in Plaintiff's complaint.

13       Plaintiff's allegation that Defendants did not disclose information to him does not go to

14  whether he had inquiry notice.  A plaintiff seeking to invoke the discovery rule must plead that

15  despite diligent investigation of the circumstances of his injury he could not reasonably have

16  discovered facts supporting his cause of action within the discovery period.  Fox, 35 Cal.45th at

17  809.  While Plaintiff alleges that he did not have computer access during his time in prison and

18  he would have been cut off from a wide range of data that would have been available, the Court

19  is aware of the number of cases filed by prisoners in the Eastern District and that prisoner do

20  have access to the law library and are able to research and pursue their claims while incarcerated.

21       Here, Plaintiff had reason to suspect that a type of wrongdoing had injured him on the

22  date he was diagnosed with Valley Fever.  Fox, 35 Cal.45th at 807.  Since Plaintiff had

23  presumptive knowledge of his cause of action at this time, his cause of action accrued in 2009

24  when he was diagnosed with Valley Fever.  Id. at 808 ("plaintiffs are required to conduct a

25  reasonable investigation after becoming aware of an injury, and are charged with knowledge of

26  the information that would have been revealed by such an investigation").  A reasonable

27  investigation at the time that Plaintiff was diagnosed with Valley Fever would have discovered

28  the documents which he alleges put the defendants on notice that he was at a high risk of

1    contracting Valley Fever within the limitations period.

2         Plaintiff argues that the Victims Compensation Claims Board did not notify him that his

3    claim form was untimely within the time provided by the statute, and therefore, the State has

4    waived the defense that his claim form was untimely.  (ECF No. 17 at 8.)  "Claims for personal

5    injury and property damage must be presented within six months after accrual; all other claims

6    must be presented within a year."  Judicial Council of California v. Superior Court, 229

7    Cal.App.4th 1083, 1091 (2014) (citing Cal. Gov. Code § 911.2.)  If a plaintiff fails to submit a

8    timely claim form for money damages or property damage to a public entity, he is barred from

9    filing a lawsuit against that entity.  Judicial Council of California, 229 Cal.App.4th at 1091.

10        "The purposes of the general claims presentation requirement are to give the

11   governmental entity an opportunity to settle claims before suit is brought, to permit early

12   investigation of the facts, to facilitate fiscal planning for potential liabilities, and to avoid similar

13   liabilities in the future."  Robinson v. Alameda Cnty., 875 F.Supp.2d 1029, 1043-44 (N.D. Cal.

14   2012) (quoting Snipes v. City of Bakersfield, 145 Cal.App.3d 861, 869 (1983).  Plaintiff

15   submitted a claim form to the Victim's Compensation Board on November 12, 2013.[4]

16   (Government Claims Form 4, ECF No. 18-1.)  Plaintiff's claim form must give the entity

17   sufficient notice for it to investigate and evaluate the claim raised.  D.K. ex rel. G.M. v. Solano

18   Cnty. Office of Educ., 667 F.Supp.2d 1184, 1195 (E.D. Cal. 2009).

19        Plaintiff's claim form stated his date of injury was May 2013, and the injury complained

20   of was that Plaintiff "pre-warned WASD medical staff that I had previously had Valley Fever in

21   2009 and I was susceptible to catching it again."  (Id. at 4-5.)  Plaintiff's claim filed with the

22   Victim Compensation Claims Board complained that he had informed medical staff that he was

23   at a risk of re-contracting Valley Fever and would not have put the CDCR on notice to

24   _____

25   [4] As a general rule, the court may not consider any material outside the pleadings in ruling on a Rule 12(b)(6)
     motion.  United States v. Corinthian Colleges, 655 F.3d 984, 998 (9th Cir. 2011).  However, the incorporation by
26   reference doctrine allows material that is attached to the complaint to be considered, as well as "unattached evidence
     on which the complaint 'necessarily relies' if : (1) the complaint refers to the document; (2) the document is central
27   to plaintiff's claim; and (3) no party questions the authenticity of the document."  Corinthian Colleges, 655 F3d at
     999.  Plaintiff alleges that he filed a claim form with the Victim Compensation Board is his complaint and the
28   document is central to his state law claim.  Therefore, under the incorporation by reference doctrine, the Court shall
     consider Plaintiff's claim.

1   investigate the facts of what occurred in 2009.  Further, California law provides that a written

2   application for late submission of a claim that is required to be submitted within six months after

3   the accrual of the cause of action must be made within one year.  Cal. Gov. Code § 911.4.

4   Plaintiff submitted his claim approximately four years after the date of accrual of his cause of

5   action and therefore, he had passed the time in which to apply to present an untimely claim.

6          In this instance, Plaintiff contracted Valley Fever in 2009 and had six months from the

7   date of injury to submit his claim form to the Victim's Compensation Board.  Cal. Gov. Code §

8   911.2.   Plaintiff did not file a timely claim form; and therefore, cannot state a claim for

9   negligence under California law.

10         **C.      Statute of Limitations**

11         Defendants also contend that Plaintiff's Eighth Amendment claims are barred by the

12  statute of limitations.  (ECF No. 14-1 at 6-8.)  Again, Plaintiff argues that he did not have notice

13  of his cause of action until June 2013.

14         Federal law determines when a claim accrues, and "under federal law, a claim accrues

15  "when the plaintiff knows or has reason to know of the injury which is the basis of the action."

16  Lukovsky v. City and County of San Francisco, 535 F.3d 1044, 1048 (9th Cir. 2008) (quoting

17  Two Rivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999)); Fink v. Shedler, 192 F.3d 911, 914

18  (9th Cir. 1999).  In the absence of a specific statute of limitations, federal courts should apply the

19  forum state's statute of limitations for personal injury actions.  Lukovsky, 535 F.3d at 1048;

20  Jones v. Blanas, 393 F.3d 918, 927 (2004); Fink, 192 F.3d at 914.   California's statute of

21  limitations for personal injury actions requires that the claim be filed within 2 years.  Cal. Code

22  Civ. Proc. § 335.1:  Jones, 393 F.3d at 927.

23         In actions where the federal court borrows the state statute of limitation, the court should

24  also borrow all applicable provisions for tolling the limitations period found in state law.  See

25  Hardin v. Straub, 490 U.S. 536, 539 (1989).  Pursuant to the California Code of Civil Procedure

26  section 352.1, a two-year limit on tolling is imposed on prisoners.  Therefore in this action,

27  Plaintiff is entitled to tolling for the period in which he was incarcerated.

28         Defendants request the Court take judicial notice of Plaintiff's abstract of judgment and

1   probation report showing that he was released from custody on September 9, 2011.  (ECF No.

2   14-2.)  The Court grants Defendants' request for judicial notice of court documents.  <u>Reyn's</u>

3   <u>Pasta Bella, LLC</u>, 442 F.3d at 746 n.6; <u>Lee</u>, 250 F.3d at 689

4       Plaintiff was sentenced to prison on August 20, 2009, and placed on parole on September

5   9, 2011.  (Abstract of Judgment, attached as Exhibit A to ECF No. 14-2; Pre-conviction Report

6   8, attached as Exhibit B to ECF No. 14-2.)  Plaintiff's tolling under section 352.1 ended on

7   September 9, 2011 when he was released from custody, and Plaintiff had two years from that

8   date to file his claim.

9       As discussed above, once the plaintiff knows that harm has been done to him he must

10  decide within the applicable limitations period whether to file suit.  <u>Lukovsky</u>, 535 F.3d at 1050.

11  If a reasonable plaintiff would not have known of the existence of a claim within the applicable

12  limitations period equitable tolling will serve to extend the statute of limitations.  <u>Lukovsky</u>, 535

13  F.3d at 1050.  In this instance, Plaintiff should have known of the existence of his claim on the

14  date that he was diagnosed with Valley Fever and he had to file suit by September 9, 2013.

15  Plaintiff did not file this action until July 11, 2014, approximately ten months after the statute of

16  limitations expired.

17      The Court recommends that Defendants' motion to dismiss be granted as Plaintiff's

18  claims are barred by the statute of limitations.[5]

19      **D.   Leave to Amend**

20      Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely

21  given when justice so requires,'" Fed. R. Civ. P. 15(a), and "[l]eave to amend should be granted

22  if it appears at all possible that the plaintiff can correct the defect," <u>Lopez v. Smith</u>, 203 F.3d

23  1122, 1130 (9th Cir. 2000) (internal citations omitted).  However, courts "need not grant leave to

24  amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3)

25  produces an undue delay in the litigation; or (4) is futile."  <u>Id.</u>  In this instance, it would be futile

26

27  _____
    [5] Defendants also move to dismiss this action on the ground that they are entitled to qualified immunity.  Since the
28  Court finds that Plaintiff's claims are barred by the statute of limitations, it declines to address the issue of qualified
    immunity.

to grant leave to amend as Plaintiff's claims are barred by the statute of limitations.  For that reason, the Court recommends that the complaint be dismissed without leave to amend.

## V.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that Defendants' motion to dismiss, filed January 9, 2015, be GRANTED, and this action be DISMISSED as barred by the statute of limitations.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __May 19, 2015__

UNITED STATES MAGISTRATE JUDGE